UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Jennifer Gil,

    Plaintiff,

v.

Screening Reports, Inc.,

    Defendant.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's false reporting of an eviction and related information on Plaintiff's tenant screening reports and failures to follow reasonable procedures and to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Jennifer Gil is a natural person who resides in the city of Apple Valley, County of Dakota, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3. Defendant Screening Reports, Inc., ("SRI") does business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

4. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681x, jurisdiction of this Court arises under 28 U.S.C. § 1331.

5. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Plaintiff has never been evicted from any residence.

7. Camelot Acres Manufactured Home Community filed an eviction action against Plaintiff's parents.

8. Plaintiff was not on the Camelot Acres rental agreement.

9. Plaintiff was not living at Camelot Acres at the time of the eviction action.

10. Plaintiff was not named as a defendant in the eviction action.

11. Camelot Acres did not serve Plaintiff with notice of the eviction action.

12. The first Plaintiff heard of the eviction was when her application to rent an apartment at Nicollet Ridge Apartments was turned down based on a tenant screening report from defendant SRI.

13. SRI's report included an entry for Camelot Acres that stated, "Evicted," "Would not rent again – Evict/Late payments," and indicated a balance owing of $2,568.

14. The indication that Plaintiff had been evicted was false.

15. The indication that Plaintiff had been late with payments was false.

16. The indication that Plaintiff owed $2,568 was false.

17. In a letter dated April 12, 2012, Plaintiff disputed the Camelot Acres account to SRI.

18. In her April 12, 2012, letter to SRI, Plaintiff explained that her name was not on the rental agreement.

19. In her April 12, 2012, letter to SRI, Plaintiff explained that she was not named as a defendant in the eviction action.

20. With her letter to SRI, Plaintiff enclosed a copy of the Register of Actions from the Dakota County eviction case, showing that Plaintiff was not named in the Camelot Acres eviction action.

21. SRI received Plaintiff's April 12, 2012, dispute.

22. SRI failed to notify Camelot Acres of Plaintiff's April 12, 2012, dispute.

23. SRI failed to investigate Plaintiff's April 12, 2012, dispute.

24. SRI failed to respond in writing to Plaintiff's April 12, 2012, dispute.

25. On or about June 25, 2012, Plaintiff again disputed the Camelot Acres account to SRI, this time by telephone.

26. In her June 2012 telephone call to SRI, Plaintiff left a message that she still disputed the Camelot Acres account and that she had received no response to her first dispute.

27. On June 28, 2012, Plaintiff yet again disputed the Camelot Acres account to SRI, this time by fax.

28. In her June 28, 2012, fax, Plaintiff indicated that she still disputed the Camelot Acres account and that she had received no response to her written dispute in April or her telephone message earlier that week.

29. In her June 28, 2012, fax, Plaintiff asked that SRI contact her "ASAP."

30. SRI received Plaintiff's June 28, 2012, dispute.

31. A representative from SRI telephoned Plaintiff.

32. SRI, through its representative, told Plaintiff that SRI got its information from Camelot Acres and that it's not SRI's obligation to look into it.

33. SRI, through its representative, told Plaintiff that SRI had not looked into Plaintiff's dispute.

34. SRI, through its representative, told Plaintiff that SRI was not going to look into Plaintiff's dispute.

35. SRI failed to notify Camelot Acres of either of Plaintiff's June 2012 disputes.

36. SRI failed to investigate either of Plaintiff's June 2012 disputes.

37. SRI failed to respond in writing to either of Plaintiff's June 2012 disputes.

38. From April 2012 to the present, Plaintiff disputed the Camelot Acres account to SRI multiple times, including without limitation the disputes specified herein.

39. Due to SRI's failures to conduct reasonable investigations of Plaintiff's disputes, the Camelot Acres account on Plaintiff's tenant screening report was not appropriately deleted or modified.

40. On July 18, 2012, Nicollet Ridge Apartments denied Plaintiff's application to rent an apartment due at least in substantial part to the inaccurate Camelot Acres account in Plaintiff's SRI screening report.

41. Plaintiff inquired about renting several other apartments, but declined to apply when she found out they all used reports from SRI.

42. The only suitable apartment Plaintiff could find that did not use reports from SRI charged considerably higher rent than the Nicollet Ridge Apartment.

43. Left with no choice, Plaintiff applied, was approved, signed a lease, and moved into the higher-rent apartment that did not use SRI.

44. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation rental denials, higher rent, out-of-pocket expenses, and emotional distress.

45. At all times pertinent hereto, SRI acted by and through its agents servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of SRI.

## **TRIAL BY JURY**

46. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i

47. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

48. Defendant SRI willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

49. Defendant SRI willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

50. As a result of SRI's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation rental denials, higher rent, out-of-pocket expenses, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

51. SRI's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorney's fees from Defendant SRI, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against Defendant SRI for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Such other and further relief as may be just and proper.


Dated:      3/28/13              **GOOLSBY LAW OFFICE, LLC**

By:      s/John H. Goolsby
John H. Goolsby, #0320201
2701 University Avenue SE, Suite 209
Minneapolis, MN 55414
Telephone:  (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**